MARTÍN ANTONIO SABELLI - SBN 164772
Law Offices of MARTIN SABELLI
740 Noe Street
San Francisco, CA 94114-2923
(415) 298-8435
msabelli@sabellilaw.com

Attorneys for SIMON SAGE YBARRA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SIMON SAGE YBARRA, et al.,<br><br>    Defendants. | Case No. CR-21-121-JD<br><br>**SIMON SAGE YBARRA'S <u>SUPPLEMENTAL</u> OPPOSITION TO THE GOVERNMENT\S MOTION TO REVOKE PRETRIAL RELEASE** |

**SAGE YBARRA'S OPPOSITION TO THE GOVERNMENT'S MOTION TO REVOKE  PRETRIAL RELEASE**

For the reasons articulated in his Opposition to the Government's Motion to Revoke Release (Docket 34), including substantial cooperation and compliance after his arrest, Mr. Ybarra should not be detained pending trial. Moreover, Mr. Ybarra should not be detained because the Government has not established a permissible basis for detention under the Bail Reform Act (BRA). Instead, the Government has requested detention inconsistent with the limited circumstances authorized under 18 U.S.C. §3142(f) which "performs a gate-keeping function by 'limiting the circumstances under which pretrial detention may be sought to the most serious of crimes.'" *United States v. Watkins*, 940 F.3d 152, 159 (2d Cir. 2019) (citing *United States v. Salerno*, 481 U.S. 739, 747 (1987)).[1] Under that subsection, a detention hearing may be ordered only if:

(1) the charged offense falls within any of the five subcategories set forth in § 3142(f)(1)(A)-(E);

(2) the defendant poses a serious risk of flight; or

(3) there is a serious risk that the defendant will attempt to obstruct justice, or threaten, injure, or intimidate a witness or juror.

*Ibid*. The government's motion to revoke does not fit under any of these limited circumstances.

### I. THE GOVERNMENT HAS FAILED TO SHOW A SERIOUS RISK OF OBSTRUCTION OF JUSTICE REQUIRED BY §3142(f).

The only theory on which the government could proceed is that Mr. Ybarra presents "a serious risk" of obstructing justice under §3142(f)(2)(B). The reality, however, is that Mr.

---

[1] §3142 effectively tasks the district court with "undertak[ing] a two-step inquiry." *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). Before a detention hearing can even be held, the district court "must first determine by a preponderance of the evidence" that one of §3142(f)'s requirements is satisfied. *Ibid*; *see United States v. Fanyo-Patchou*, 426 F. Supp. 3d 779, 782 (W.D. Wash. 2019) [applying preponderance of the evidence standard to showing of risk of obstruction of justice under §3142(f)(2)(B)].

Ybarra presents no such risk as reflected in his conduct after arrest which includes numerous strong indicators of cooperation with the government including voluntarily alerting the prosecution *to evidence* as described in Docket 34. In fact, Mr. Ybarra has cooperated with law enforcement and has demonstrated that he is fully cooperative. The government has not made, and cannot make, by a preponderance of the evidence, the showing required for a detention hearing under §3142(f)(2)(B): that there is "a serious risk" that Mr. Ybarra will obstruct justice.[2]

## II. ALLEGATIONS OF OBSTRUCTION DO NOT PERMIT THE GOVERNMENT TO REQUEST DETENTION BASED ON DANGEROUSNESS.

In addition to the legal barrier discussed above, the government's allegations that Mr. Ybarra's case is one that involves a serious risk of obstruction do not authorize them to proceed to make arguments regarding dangerousness. Dangerousness may certainly be a ground for detaining a defendant whose detention hearing is authorized because they have been charged with one of the offenses enumerated in §3142(f)(1)(A)-(E). But Mr. Ybarra's detention hearing can only be supported by a preliminary showing of a risk of obstruction under §3142(f)(2)(B). At a §3142(f)(2) detention hearing at which the government alleges the defendant poses a risk of obstruction, in contrast to a §3142(f)(1) detention hearing at which the defendant has been charged with an enumerated offense, dangerousness to the

---

[2] While he has been charged with obstructing justice by destroying evidence, but the Court is prohibited from considering either the nature of the alleged offense or any purported evidence of Mr. Ybarra's guilt in determining whether a showing of a serious risk of obstruction has been made. *See United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) ["These factors may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community."].

**SAGE YBARRA'S SUPPLEMENTAL OPPOSITION TO THE GOVERNMENT'S MOTION TO REVOKE PRETRIAL RELEASE**
2

community is *not* available as a ground for detention. As one Oregon District Court recently explained:

> Indeed, to allow a detention hearing under § 3142(f)(2) in fraud cases to backdoor a detention order on the ground of danger would render § 3142(f)(1) meaningless. Accordingly, the Court concludes that the Bail Reform Act does not authorize pretrial detention on the ground of danger for a defendant charged only with an unenumerated offense, even if the court holds a detention hearing based on the government's allegations that the defendant also presents a serious risk of flight or obstruction.

*United States v. Gunn*, No. 3:19-mj-00207, 2019 U.S. Dist. LEXIS 210792, at *10 (D. Or. Dec. 6, 2019). The *Gunn* Court was compelled to order the defendant's release despite its finding "that Gunn presents a serious risk of danger to the community if released . . . . [because] the law is well settled that the Bail Reform Act does not authorize pretrial detention under these circumstances." *Ibid*; *see also United States v. LaLonde*, 246 F. Supp. 2d 873, 876 (S.D. Ohio 2003) [ordering release notwithstanding "risk of danger to the community" and allegations of risk of flight and obstruction].

Accordingly, only if Mr. Ybarra had been charged with one of the offenses enumerated in §3142(f)(1)(A)-(E) would the government be permitted to argue dangerousness. At a detention hearing authorized by §3142(f)(1), the government could then attempt to show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. *See* §3142(f) ["The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."]. But Mr. Ybarra has not been charged with one of the offenses enumerated in §3142(f)(1)(A)-(E), and for that reason,

**SAGE YBARRA'S SUPPLEMENTAL OPPOSITION TO THE GOVERNMENT'S MOTION TO REVOKE PRETRIAL RELEASE**
3

the government is precluded from asserting allegations of dangerousness to support its request for detention.

**CONCLUSION**

The government has not made a legally permissible showing under the BRA. Moreover, as argued in his initial submission (Docket 34), Mr. Ybarra does not pose a danger to the community and certainly not by clear and convincing evidence unless one presumes him guilty of the charges. This Court can and should continue release on the conditions already imposed.

Dated: May 6, 2021

                                    */s/ Martín A. Sabelli*
                                    MARTIN ANTONIO SABELLI
                                    Attorney for Simon Sage Ybarra