1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ERIC CHENG (CABN 274118)
   FRANK J. RIEBLI (CABN 221152)
5  Assistant United States Attorney

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone: (415) 436-7200
        FAX: (415) 436-7234
8       Eric.Cheng@usdoj.gov
        Frank.Riebli@usdoj.gov
9
   Attorneys for United States of America
10
                      UNITED STATES DISTRICT COURT
11
                    NORTHERN DISTRICT OF CALIFORNIA
12
                          SAN FRANCISCO DIVISION
13

14 UNITED STATES OF AMERICA,            ) Case No. CR 21-121 JD
                                        )
15      Plaintiff,                      )
                                        ) GOVERNMENT'S REPLY TO DEFENDANT'S
16      v.                              ) SUPPLEMENTAL OPPOSITION
                                        )
17 SIMON SAGE YBARRA,                   )
                                        ) Hearing:   May 10, 2021
18      Defendant.                      ) Time:      11:00 a.m.
                                        )
19

20

21

22

23

24

25

26

27

28

GOV'T REPLY TO SUPP. OPP'
CR 21-121 JD

## I. INTRODUCTION

On April 12, 2021, following a detention hearing in the Eastern District of California in which a magistrate judge ordered Simon Sage YBARRA's release, the government moved to revoke YBARRA's bond and remand him to custody pending trial. Dkt #12. At the Court's request, the parties agreed to a briefing schedule and, according to that schedule, YBARRA opposed the government's motion on April 28, 2021, see Dkt #34, and the government filed its reply on May 4, 2021, see Dkt #38.

Two days, later, YBARRA filed a supplemental opposition arguing for the first time that there never should have been a detention hearing in the first place, and that the government was not entitled to seek his detention based on dangerousness. Dkt 41. The first argument is untimely and waived. The second misunderstands the Bail Reform Act. The Act expressly allows detention based on a finding that the defendant poses a danger to the community. YBARRA's argument is contrary to the statute's plain language. The Court should reject both arguments.

## II. DISCUSSION

### A. YBARRA Did Not Object to the Magistrate Judge Holding a Bail Hearing and the Court Did, In Fact, Hold a Bail Hearing.

YBARRA's primary argument is that the government was not entitled to a detention hearing in this case because YBARRA has not been charged with one of the crimes enumerated in 18 U.S.C. § 3142(f)(1), and because, he claims, the government did not show a serious risk of flight or obstruction of justice, as provided in § 3142(f)(2). Supp. Opp'n at 1. This argument is untimely. If YBARRA wanted to challenge whether the court could hold a bail hearing in the first place, he should have raised that before the magistrate did, in fact, hold a hearing. But he didn't raise that challenge, and the court held the hearing.

His argument is not well-taken in any case. First, YBARRA and his co-defendants are charged with conspiracy to obstruct justice and obstruction of justice. The government submits that the fact of the charges – plus the information the government has submitted in these proceedings (including messages indicating YBARRA and at least one of his co-defendants talking about the destruction of evidence) – more than demonstrates by a preponderance that YBARRA and his co-defendants represent

a serious risk of further obstruction. One of YBARRA's co-defendants made this same argument before the Court held his bail hearing. See Dkt #14. The Magistrate Judge (Hon. Jacqueline Scott Corley) rejected that argument and held the detention hearing, based in part on the fact that the defendants here have been charged with obstruction of justice. YBARRA acknowledges that the charged conduct fits within 18 U.S.C. § 3142(f)(2)(B), but argues, citing United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985), that the Court should ignore that fact. See Supp. Opp'n at 2 n.2. YBARRA is confusing the grounds for a hearing with the grounds for detention – indeed, that confusion infects his entire submission. In Motamedi, the Ninth Circuit said only that the Court cannot consider the weight of the evidence – or in other words, the probability of his guilt – in determining whether to detain, under 18 U.S.C. § 3142(g), except inasmuch as the weight of the evidence makes it more or less likely that the person is a danger or will fail to appear as directed. 767 F.2d at 1408. That is to ensure that detention hearings don't become mini-trials that forecast the ultimate outcome of the case. The court in Motamedi did not say that the charges are irrelevant to whether the government is entitled to a detention hearing in the first place. Indeed, such a holding would have made no sense, when § 3142(f)(1) premises the requirement of a detention hearing on certain types of charges. In other words, YBARRA appears to argue that, if the crime is one enumerated in § 3142(f)(1), then the Court may consider the charge itself in determining whether to hold a detention hearing; but if the case falls under § 3142(f)(2), then the Court may not consider the charge for that purpose, even though the statute uses the same encompassing language for both sections ("in a case that involves"). That makes no sense. The Court should reject YBARRA's argument as waived and, in any event, incorrect.

        **B.    YBARRA Misreads the Bail Statute; the Court Must Consider Danger to the Community.**

YBARRA's second argument is that the government may not seek to detain him on the ground that he is a danger to the community. Supp. Opp'n at 2-4. Here, YBARRA misreads the bail statute. Three provisions of the Bail Reform Act are relevant in this case. As described above, § 3142(f) describes the circumstances in which the Court must hold a detention hearing, and establishes the burden of proof for the detention hearing itself. Section 3142(g) sets forth the factors the Court must consider in making the decision whether to detain or release a defendant. And § 3142(e) creates rebuttable

presumptions of detention in certain cases.  YBARRA tries to import the bases for holding a hearing in the first place into the hearing itself.  But sections 3142(e) and (g) make clear this is improper.

Section 3142(g) provides that the Court consider four factors in every case, and determine based on its analysis of those factors "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community."  The fourth of those four factors is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  Id. § 3142(g)(4).  Section 3142(g) does not differentiate between detention hearings that arise under § 3142(f)(1) from those that arise under § 3142(f)(2).  In other words, it does not prescribe a different analysis, or different factors for detention hearings that arise under the latter provision (as the instant case does).  YBARRA would have the Court re-write the Act so that the Court considers all four factors in detention hearings that arise under § 3142(f)(1), but only the first three factors in cases that arise under § 3142(f)(2).  Indeed, the re-writing does not stop with the excision of sub-section (4).  The Court also would have to ignore everything that follows, "the nature and circumstances of the offense charged" in sub-section (1), for there too, the Act directs the Court to consider whether the defendant has been charged with a crime of violence, and gives as examples the types of crimes listed in § 3142(f)(1).  There is no basis for this exclusion – certainly, no basis in the Act itself.

Section 3142(e) similarly directs the Court to detain a defendant if the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  In other words, the decision whether to release or detain is based on the Court's assessment of two factors:  non-appearance and danger.  Like § 3142(g), § 3142(e) does not distinguish between detention hearings that arise under §§ 3142(f)(1) and (f)(2).  YBARRA would have the Court read into the statute language that is not there.

YBARRA relies on a magistrate judge's decision from the District of Oregon for the argument that the government may not seek detention based on danger unless the crime charged falls under § 3142(f)(1).  See Supp. Opp'n at 3.  First, this Court is not bound by the Oregon magistrate judge's decision.  Second, that decision does not carry the weight YBARRA needs it to carry; what the magistrate there found was that the charges in that case did not fall under § 3142(f)(1), and the

GOV'T RESPONSE TO SUPP. OPP'N        3
CR 21-121 JD

government had not made a sufficient showing to warrant a detention hearing under § 3142(f)(2). United States v. Gunn, D. Or. Case No. 3:19-mj-00207 Dkt #13 at 8 (Dec. 6, 2019) ("For the reasons stated above, the Court concludes that the Bail Reform Act does not authorize a detention hearing under 18 U.S.C. § 3142(f)(1) because this case involves offenses not enumerated in 18 U.S.C. § 3142(f)(1)(A)-(E), and the United States has not presented sufficient evidence to demonstrate that Gunn presents a serious risk of flight, obstruction, or witness tampering to justify a detention hearing, or detention, under 18 U.S.C. § 3142(f)(2)."). In other words, the magistrate held that, where neither § 3142(f)(1) nor § 3142(f)(2) applies, the government cannot obtain a detention hearing merely on the argument that the defendant is a danger to the community.[1] But that holding does not mean that, where the government is entitled to a detention hearing under § 3142(f)(2), it is barred from arguing that the defendant should be detained because he is a danger to the community (in addition to being a flight risk and/or that he may obstruct justice or tamper with witnesses).

The most logical interpretation of §§ 3142(e), (f), and (g), and the one that reconciles their language, is that § 3142(f) performs a "gate-keeping" function with respect to setting detention hearings for serious federal cases or serious federal defendants. But once the court determines that a hearing is warranted, the court may consider all of the factors set forth in § 3142(g) in determining whether the defendant is a flight risk or a danger to the community. See, e.g., United States. v. Megahed, 519 F. Supp. 2d 1236, 1246 (M.D. Fla. 2007) (rejecting "the premise that detention is not available because of the prospective detainee's dangerousness unless the detainee is charged with a felony listed in Section 3142(f)(1)," and after a "systematic review of the statute" finding that this "interpretation stands athwart both the words of the statute and the sense of the statute"). YBARRA's interpretation would require a court to ignore evidence that a defendant poses an obvious and imminent danger to others in all cases that arise under § 3142(f)(2), and simply hold its nose and sign the release order, knowing that doing so

---

[1] YBARRA also cites United States v. LaLonde, 246 F. Supp. 2d 873, 875 (D. Ohio 2003) for this purposes. But like the magistrate judge in Gunn, the district court in LaLonde found that the hearing never should have been held because the "Magistrate Judge did not find that one of the conditions identified in 18 U.S.C. § 3142(f) was present in this case. His inquiry into the appropriateness of detention should have ended there." 246 F. Supp. 2d at 875. Here, YBARRA never challenged the original detention hearing, and for the reasons set forth above, any such challenge would have failed.

GOV'T RESPONSE TO SUPP. OPP'N    4
CR 21-121 JD

would result in harm to others.  That cannot be right and the Court should reject it.

### III. CONCLUSION

For the reasons set forth in its submissions in this case, the government submits that it has established a basis for a detention hearing under §3142(f)(2) and that YBARRA ought to be detained.

DATED:  May 7, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

_____/s/_____
ERIC CHENG
FRANK J. RIEBLI
Assistant United States Attorneys